**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

---

**JOSHUA TORREY HEADRICK,**
Individually, and on behalf of himself
and others similarly situated,

 Plaintiff,

              **V.**

**AIRCEL, LLC**, a Delaware Limited
Liability Corporation,

Defendant.

No._____

FLSA Opt-In Collective Action

**JURY DEMANDED**

---

## ORIGINAL COLLECTIVE ACTION COMPLAINT

---

Plaintiff, Joshua Torrey Headrick ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA) and brought on behalf of all current and former hourly-paid factory employees of Aircel, LLC for "off-the-clock" unpaid straight time, minimum wage and overtime compensation against Aircel, LLC ("Defendant"). Plaintiff seeks to recover unpaid wages owed to him and all other similarly situated hourly paid factory employees who have worked for Defendant at any time within the three (3) years preceding the filing of this lawsuit. Plaintiff and class members' "off the clock" claims are unified through a common theory of FLSA violations.

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendant to perform work in this District and Defendant has conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Plaintiff Joshua Torrey Headrick was a resident of Tennessee and worked as an hourly-paid factory employee while employed by Defendant within this District during the three-year period immediately preceding the filing of this Collective Action Complaint. Plaintiff Headrick's Consent to Join this collective action is attached hereto as *Exhibit A*.

5. Plaintiff was an "employee" as defined by the FLSA during all times relevant to this action. Plaintiff was employed by and worked as an hourly-paid factory employee for Defendant during all relevant periods herein.

6. Defendant Aircel LLC is a Delaware Limited Liability Corporation that does business as a fabricating factory located at 323 Crisp Circle, Maryville, Tennessee 37801. Upon information and belief, Mecca Resources, Inc. is the parent corporation of Aircel, LLC. Defendant can be served process via its registered agent: CT Corporation, 300 Montvue Road, Knoxville 37919 -5546. Defendant Aircel LLC designs and manufactures both off-the-shelf and custom compressed air systems including heated/heatless desiccant air dryers, and cycling/non-cycling refrigerated air dryers — from small point-of-use dryers

2

to large custom engineered compressed air dryers — a complete line of filtration and separation products.

## FACTUAL BASIS FOR SUIT

7. Plaintiff Joshua Torrey Headrick has been employed by and worked for Defendant, Aircel, LLC, as an hourly-paid factory employee within the three (3) year period preceding the filing of this action.

8. Plaintiff and other similarly situated hourly-paid factory employees have been subjected to Defendant's common timekeeping, payroll and operational plans, policies and practices at all times relevant to this action.

9. Defendant had a common policy, practice and plan of inducing, expecting and, suffering and permitting, Plaintiff and similarly situated hourly-paid factory employees to work "off-the-clock", during all relevant times herein.

10. Plaintiff and similarly situated hourly-paid factory employees were expected, induced and, suffered and permitted, to work "off-the-clock" without being compensated for such work -- as follows:

    Plaintiff and similarly situated hourly-paid factory employees were expected, induced and, suffered and permitted, to perform work duties before clocking-in to Defendant's timekeeping system without being compensated for such "off-the-clock" work -- during all times material.

11. Additionally, Defendant had a common timekeeping "rounding-off" policy that benefitted Defendant but did not equally benefit Plaintiff and similarly situated hourly-paid factory employees. Specifically, Defendant rolled forward and "edited-out" or "shaved" time Plaintiff and similarly situated hourly-paid factory employees clocked-in

3

and/or performed work before their scheduled shift but did not roll forward and credit them with the time between the period they clocked-out early and the end of their scheduled shifts. Moreover, Plaintiff and similarly situated hourly-paid factory employees were subjected to disciplinary action if they clocked in after their scheduled shifts.

12. The aforementioned unpaid "off-the-clock" and "edited-out" time of Plaintiff and similarly situated hourly-paid factory employees class members were not recorded into Defendant's centralized timekeeping system, during all times relevant.

13. Defendant has maintained a common plan, policy and practice of prohibiting Plaintiff and similarly situated class members from editing their "off-the-clock" work time into its timekeeping system.

14. Defendant had knowledge of the "off the clock" work and "edited-out" or "shaved" time of Plaintiff and similarly situated hourly-paid factory employees.

15. Defendant routinely and regularly audited its timekeeping system and payroll records and, had access to the schedules of Plaintiff and similarly situated hourly-paid factory employees. Nonetheless, it took no action to modify their timekeeping records to include such aforementioned "off-the-clock" work and "edited-out" time.

16. The net effect of Defendant's common plan, policy and practice of not paying Plaintiff and similarly situated hourly-paid factory employees for all work performed and "edited-out" time, including all related overtime work performed, was a scheme to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and similarly situated hourly-paid employees.

4

17. Accordingly, Defendant failed to accurately record all work hours performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. By its failure to record accurately all the time worked by Plaintiff and class members (during all times relevant), Defendant willfully failed to compensate them for all such time at the applicable straight time, minimum wage and overtime rates of pay, as required by the FLSA.

19. Defendant knew, and was aware at all relevant times, that it was not recording all of the work hours of Plaintiff and class members, without a good faith basis for such failure.

20. Defendant's common plans, policies and practices of not compensating Plaintiff and class members for all hours worked and the "edited-out" time at the applicable straight time, minimum wage and overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

21. As a result of Defendant's bad faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost straight time, minimum wages and overtime compensation as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight time wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

23. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid factory employees employed by Defendant, Aircel LLC, who were expected, induced, suffered and permitted, to work "off-the-clock" before their scheduled

shifts and, who were subjected to Defendant's "editing-out" policy anywhere in the United States within the three (3) years preceding the filing of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).[1] ("Class Members")

24. Plaintiff seeks to pursue his unpaid "off-the-clock" and "edited-out" wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid factory employees as a class.

25. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a centralized timekeeping system that resulted in a failure to pay Plaintiff and class members for all hours worked, as mandated by the FLSA.

26. Moreover, this action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's timekeeping, payroll and operational plans, policies and practices. Plaintiff and the members of the class were subjected to Defendant's policy of expecting, inducing and, suffering and permitting them to work "off the clock" before their scheduled shifts and, of "editing-out" their compensable time, as hereinbefore described.

27. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

6

unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

28. Plaintiff Headrick will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendant's unlawful practices of failing to pay applicable straight time, minimum wage and overtime compensation to them for performing "off-the-clock" work and, "edited-out" time, as hereinbefore described.

29. Counsel for Plaintiff will adequately protect his interests as well as the interests of all class members.

30. Defendant required, forced, and induced Plaintiff and class members to work "off-the-clock" (as hereinbefore described) and "edited-out" compensable time, within weekly pay periods at all times relevant, including more than forty (40) hours per week of such "off-the-clock" work, without being paid applicable straight time wages, minimum wage and overtime compensation for such work, in violation of the FLSA.

31. Defendant knew Plaintiff and the class members performed work that required additional straight time, minimum wage and overtime compensation to be paid. Nonetheless, it operated under a common policy, practice and plan to deprive Plaintiff and class members of such FLSA required straight time wages, minimum wage and overtime compensation.

32. Defendant knew it operated a common policy, practice and plan of "editing-out" compensable time of Plaintiff and class members to deprive them of such FLSA required straight time wages, minimum wages and overtime compensation.

33. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

34. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and the class members for all hours worked at the FLSA applicable straight time, minimum wage and overtime compensation rates of pay, as required by the FLSA.

35. Therefore, Defendant is liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all hours worked, and "edited-out" compensable time -- within weekly pay periods during all relevant times herein.

36. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time, minimum wage and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

37. Plaintiff estimates there are more than forty (40) members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's factories.

38. Plaintiff and class members' unpaid wage claims for the aforementioned "off-the-clock" work "edited-out" compensable time may be determined partially by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

# COUNT I
### (Violation of the Fair Labor Standards Act)

39. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

40. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

41. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

42. At all relevant times, Defendant employed Plaintiff and each of the collective action class members consistent with the terms of the FLSA.

43. At all relevant times, Defendant was an "employer" under the FLSA.

44. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's straight wage, minimum wage and overtime wage requirements.

45. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

46. As a result of Defendant's common policy, practice and plan of working Plaintiff and class members "off-the-clock" and "editing-out" their compensable time, as hereinbefore described, Plaintiff and class members were not paid their full straight time, minimum wages and overtime compensation, as required by the FLSA.

47. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in

excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

48. Through its actions, policies, practices and plans, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all actual hours worked, and "edited-out" compensable time, including all overtime hours worked.

49. The foregoing actions of Defendant violated the FLSA.

50. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

51. Defendant's actions were not in good faith.

52. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

53. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid wages, both overtime and non-overtime, against Defendant;

c) Award Plaintiff and similarly situated employees for an amount equal to their unpaid back wages, pursuant to the applicable minimum wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an Opt-In collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 17, 2018                    Respectfully submitted,

        *s/ Gordon E. Jackson*
        Gordon E. Jackson (TN BPR #8323)
        James L. Holt, JR. (TN BPR #12123)
        J. Russ Bryant (TN BPR #33830)
        Paula R. Jackson (TN BPR #20149)
        **JACKSON, SHIELDS, YEISER & HOLT**
        Attorneys at Law
        262 German Oak Drive
        Memphis, Tennessee 38018
        Telephone: (901) 754-8001
        Facsimile: (901) 754-8524
        *gjackson@jsyc.com*
        *jholt@jsyc.com*
        *rbryant@jsyc.com*
        *pjackson@jsyc.com*

        ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES***